John **TERRANOVA**, as administrator of Estate of Nicholas Terranova, **Devin Baldwin**, and **Lamar Oliver**, Plaintiffs,

v.

Rafael **TORRES**, **Kevin Quintero**, and **Aaron Riley**, Defendants.

No. 04 CIV 2129–WGY.

United States District Court, S.D. New York.

March 12, 2009.

**Memorandum and Order**

WILLIAM G. YOUNG, District Judge.[1]

## I. INTRODUCTION

This Court has taken under advisement the Defendants' Motion for Summary Judgment in a section 1983 case in which police officers used a roadblock to stop a group of speeding motorcyclists.[2]

## II. ANALYSIS

In this case, the plaintiffs Terranova, Baldwin, and Oliver (the "Motorcyclists") argue that the use by Officer Torres and Riley (the "Officers") of a roadblock to effectuate an otherwise valid seizure violated the Fourth Amendment as the roadblock amounted to an excessive use of force. "[E]xcessive force in the course of making [a] seizure of [the] person ... [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The reasonableness of the Officers' conduct, at the summary judgment stage, is "a pure question of law" once the court has "determined the relevant set of facts and drawn all inferences in favor of the non-moving party to the extent supportable by the record." *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776 n. 8, 167 L.Ed.2d 686 (2007).[3]

Michael John Grace, Grace & Grace, Yorktown Heights, NY, for Plaintiffs.

Susan Hull Odessky, New York, NY, Jeffrey P. Metzler, New York State Department of Law, Albany, NY, for Defendants.

1. Of the District of Massachusetts, sitting by designation.

2. The Court granted summary judgment from the bench for Defendant Quintero.

3. The problem, of course, is that the drawing of reasonable inferences and the evaluation of the reasonableness of the Officers' conduct are matters constitutionally for the jury. Evaluating such matters at the summary judgment stage has led at least one prominent critic to question the constitutionality of summary judgment. Suja Thomas, Why Summary Judgment is Unconstitutional, 93 Va. L.Rev. 139 (2007). Still, it must be that there is some state of facts so clear that no reasonable jury could do aught but recognize it. The Supreme Court apparently thought it had such a case in *Scott,* "the only case in which the Supreme Court has invoked brute sense impressions to justify its decision." Dan M. Kahan, David A. Hoffman, and Donald Braman, Whose Eyes are You Going to Believe? *Scott v. Harris* and the Perils of Cognitive Illiberalism, 122 Harv. L.Rev. 837, 903 (2009). As these authors point out, "a form of judicial humility," i.e., a generous acceptance of a wide range of jurors' perceptions, *id.* at 905, is the best way to make this work. I try to exercise such humility in ruling on every motion for summary judgment. *See* Arthur Miller, The Pre–Trial Rush to Judgment, 78 N.Y.U. L.Rev. 982 (2003).

If, when viewing the record in this fashion, the Court determines that the Officers' conduct was objectively unreasonable, the Officers will still be entitled to qualified immunity if their "mistake as to what the law requires is reasonable." *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). This second inquiry gives the Officers an extra layer of protection "from the sometimes hazy border between excessive and acceptable force, and ... ensure [s] that before they are subjected to suit, officers are on notice their conduct is unlawful." *Id.* at 206, 121 S.Ct. 2151.

 Despite this forgiving standard, a number of troublesome facts, viewed in the light most favorable to the Motorcyclists, preclude summary judgment in favor of the Officers. Notably, the Motorcyclists provide credible evidence that the use of a roadblock, rather than the ordinary procedure of a show of authority with lights or sirens, was unreasonable.

Evidence indicating the unreasonableness of a roadblock includes: (1) written procedures that roadblocks were not authorized outside of specific police details, Pls.' Statement of Facts ¶ 1 [Doc. No. 50]; (2) Torres' testimony that he never had a problem making normal traffic stops of motorcycles, *id.;* (3) Torres' testimony that a roadblock of a high-speed roadway is a "forcible stop" technique with the potential to cause injury or death and should be used only when a serious crime has been committed, *id.;* (4) Torres' testimony that a roadblock was not supposed to be used unless someone was resisting a show of authority with lights or sirens, *id.;* and (5) the testimony of the Officers' expert Richard Hermance that seizing the Motorcyclists by pulling them over with lights or sirens would not have been dangerous at all.

The Officers' only real response to this evidence is that they had verbal authoriza-tion to conduct such roadblocks and had done so successfully in the past. Defs.' Statement of Facts ¶ 11. Viewed in the light most favorable to the Motorcyclists, the record does not support the Officers on this point. Torres' testimony and the report of the internal investigation of Officer Michael Kopy are, at best, ambiguous as to whether this precise type of roadblock was used and authorized under these circumstances. They certainly do not establish the matter such "that no reasonable jury could believe" otherwise. *Scott*, 127 S.Ct. at 1776.

### III. CONCLUSION

Although a jury may ultimately reject the Motorcyclists' version of events and find that the Officers acted reasonably, summary judgment is inappropriate where, as here, there are genuine issues of material fact surrounding the reasonableness of the seizure. "[T]he resolution of genuine factual issues is inappropriate on motions for summary judgment based on qualified immunity." *McClellan v. Smith*, 439 F.3d 137, 149 (2d Cir.2006). Accordingly, the Officers' motion [Doc No. 46] must, and hereby is, DENIED.

SO ORDERED.